Robert Bryan Tilden, Jr. - 09/18/2015          1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

          Plaintiff,

vs.                          Case No. 2:14-cv-02332-CM-JPO

THE CLEMENS COAL COMPANY,
DENNIS WOOLMAN,
and CLAYTON SPENCER,

          Defendants.


          DEPOSITION OF ROBERT BRYAN TILDEN, JR.,
a witness, taken on behalf of Defendant Woolman,
pursuant to Notice, on the 18th day of September,
2015, at the law offices of SEYFERTH BLUMENTHAL &
HARRIS LLC, 4801 Main Street, Suite 310, Kansas
City, Missouri, before

          AVANELLE L. SULLIVAN

for AAA Court Reporting Company, a Registered
Professional Reporter, Certified in Missouri and
Kansas.



                    APPEARANCES

          For the Plaintiff:
               MR. BRUCE A. MOOTHART
               SEYFERTH BLUMENTHAL & HARRIS LLC
               4801 Main Street, Suite 310
               Kansas City, Missouri 64112

          For the Defendant Woolman:
               MR. ROBERT O. JESTER
               ENSZ & JESTER, PC
               1100 Main Street, Suite 2121
               Kansas City, Missouri 64105

**EXHIBIT**

**H**



8001 Conser, Suite 200            AAA COURT REPORTING            Toll Free (800) 205-7930
Overland Park, KS 66204                                         www.aaacourtreporters.com
(913) 385-2699 · Fax 385-2693                                   mail@aaacourtreporters.com

instructions of the insured.

Q. Now, in this case can we agree that the instructions of the customer, potential insured, would be the tendering of the past insurance policy or policies?

A. It appeared from the testimony that that is what was done.

Q. And good faith would be the review of those particular past policies, i.e. instructions, and applying them to the guidelines of Liberty Mutual Insurance Company; is that correct?

A. It's a two-step process. The insurance agent would procure the policies and fill out the submission based on those. Then it would go to the underwriter to follow the guidelines of the insurance company.

Q. And in order for the underwriter to exercise good faith, they should comply with the guidelines of Liberty Mutual Insurance Company, should they not?

A. A guideline means exactly that. It is not a requirement. It is a guide.

Q. Would you expect an underwriter with Liberty Mutual Insurance Company to be aware of the guidelines under which they are to operate?



8001 Conser, Suite 200          AAA COURT REPORTING          Toll Free (800) 205-7930
Overland Park, KS 66204                                      www.aaacourtreporters.com
(913) 385-2699 · Fax 385-2693                                mail@aaacourtreporters.com

coverage is not provided, then good faith would be to state that it is not provided. But I could not find any of that in the record.

Q. So it is possible, is it not, then, that your opinion could be altered if in fact that becomes a part of the record in a subsequent trial?

A. Yes, sir. I cannot sit as a finder of fact.

Q. And does Liberty Mutual either the underwriter or the commercial sales agent, have an obligation to give a potential insured notice if they are not to provide a particular coverage?

A. If asked, yes, sir.

Q. And, again, in this particular case, the only instructions that we're aware of are past policies; correct?

A. It appears to me that's a deposition testimony, yes, sir.

Q. So the "ask" in this case would be the past policies tendered to Liberty Mutual; correct?

A. That's correct.

Q. Okay. Is there any significance to you that the sales agent is potentially offering a



8001 Conser, Suite 200
Overland Park, KS 66204
(913) 385-2699 · Fax 385-2693

AAA COURT REPORTING

Toll Free (800) 205-7930
www.aaacourtreporters.com
mail@aaacourtreporters.com

Robert Bryan Tilden, Jr. - 09/18/2015          58

coverage for that risk."  Did I read that correctly?

A.  Yes, sir.

Q.  And custom and practice.  Again, you're using it in a generic sense as in it applies, I assume, to the entire United States.  Is that correct?

A.  Actually worldwide.

Q.  All right.  So you're not -- you're not saying the custom and practice would apply specifically to Kansas, but you would anticipated it would; is that correct?

A.  That's correct.

Q.  Does an insurance agent as Debbie Smith have any obligation to review with a potential insured the coverages available to that insured for their particular industry?

A.  If asked, yes, sir.

Q.  Okay.  And do you know in this case whether or not she was asked?

A.  I could not discern that.

Q.  And does a commercial insurance agent such as Debbie Smith have an obligation to review potential risk of an industry with that potential insured?

8001 Conser, Suite 200
Overland Park, KS 66204
(913) 385-2699 · Fax 385-2693

AAA COURT REPORTING

Toll Free (800) 205-7930
www.aaacourtreporters.com
mail@aaacourtreporters.com

Robert Bryan Tilden, Jr. - 09/18/2015        63

policy to a surface coal mine to not comply or suggest compliance with Federal statutes?

MR. MOOTHART:  Object to form and foundation.

A.  I'm not an attorney but my understanding of the black lung statute, the compliance falls with the mine or the individual.  If the insured were instructed to procure a policy with or without it, that's the insured's decision.

Q.  (By Mr. Jester)  And if the past policy tendered by the insured to this particular sales agent, Debbie Smith, contained the black lung endorsement, then the policy sold to the Clemens Coal Company for 1996 to '97 should have contained the black lung endorsement; is that true?

MR. MOOTHART:  Object to form, foundation, incomplete hypothetical.

A.  In this hypothetical, yes, sir.

Q.  (By Mr. Jester)  You go on under 4 and B to say, "Determine which insurer(s) to use."  That really doesn't have any application here, does it?

A.  Other than the IMA spreadsheet where the

8001 Conser, Suite 200
Overland Park, KS 66204
(913) 385-2699 · Fax 385-2693

AAA COURT REPORTING

Toll Free (800) 205-7930
www.aaacourtreporters.com
mail@aaacourtreporters.com

black lung.

Q. Right. But that was many years before 1996; isn't that true?

A. That's correct. But in the hypotheticals we've been dealing with, I don't know which policy the retail agent would have picked up.

Q. All right. But we do know that the retail agent did pick up a past policy. And if we assume that past policy was the immediate past policy, then it could or could not, as far as Hartford is concerned, contain the black lung endorsement?

MR. MOOTHART: Object to form and foundation.

A. In that hypothetical it did have an occupational disease charge, but I cannot ascertain whether it had black lung coverage.

Q. (By Mr. Jester) Is there a duty to exercise care on the part of an agent such as Debbie Smith if she picks up the past policy and copies it and proceeds to duplicate that coverage per the understanding of Clemens Coal? Does she have a duty to exercise care in that process?

A. The responsibility would be to follow the

8001 Conser, Suite 200
Overland Park, KS 66204
(913) 385-2699 · Fax 385-2693


AAA COURT REPORTING

Toll Free (800) 205-7930
www.aaacourtreporters.com
mail@aaacourtreporters.com

insured's instructions.  So if the insured's instructions would be to duplicate the hypothetical policy, yes.

Q.  And if it was not duplicated, then she would have breached her duty of care to that insured; is that correct?

MR. MOOTHART:  Object to form and foundation, incomplete hypothetical.

A.  Assuming that she did not disclose the difference in coverage, yes, sir.

Q.  (By Mr. Jester)  And we have nothing to indicate that this agent made any disclosures to Clemens Coal with regard to the coverage; correct?

A.  Yes, sir.  And equally we have no evidence as to the discussion between the insured's CPA and the coverages that he ordered.

Q.  So no facts or data to support either position based on what's available to us today in this case?

A.  That's correct.

Q.  From your review of this discovery to date that you've listed in your report which we've marked as Deposition Exhibit 2, am I correct in believing that there was no in-house

8001 Conser, Suite 200
Overland Park, KS 66204
(913) 385-2699 · Fax 385-2693

AAA COURT REPORTING

Toll Free (800) 205-7930
www.aaacourtreporters.com
mail@aaacourtreporters.com