# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 14-2332-CM |
| **THE CLEMENS COAL COMPANY, et al.,** | )<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") filed this case seeking a judicial declaration that a 1996–1997 Liberty Mutual worker's compensation and employee liability insurance policy does not cover a black lung disease claim filed by defendant Clayton Spencer, a former employee of defendant The Clemens Coal Company ("Clemens Coal"). The former president of Clemens Coal, Dennis Woolman, is also a defendant in the case. Liberty Mutual asks this court to grant summary judgment (Doc. 55) and hold that (1) the policy excludes coverage for Mr. Spencer's black lung claim; (2) Mr. Woolman's affirmative defenses of equitable and promissory estoppel fail; (3) Mr. Woolman's counterclaim for breach of duty fails; and (4) the court should not impose an adverse inference against Liberty Mutual because it failed to produce a submission form for the policy.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Applying this standard, the court cannot grant summary judgment for Liberty Mutual. There are genuine issues of material fact that preclude judgment as a matter of law. At a minimum, there is an issue of fact whether Clemens Coal effectively asked Liberty Mutual for a policy including black lung disease coverage, by giving Liberty Mutual an old policy (including black lung disease coverage) as a model for the new coverage Clemens Coal wanted. There is also an issue of fact as to whether Clemens Coal reasonably relied on Liberty Mutual to provide black lung disease coverage. If Clemens Coal requested the coverage and reasonably relied on Liberty Mutual to provide it, and if Liberty Mutual failed to give Clemens Coal the same coverage without notifying Clemens Coal of the change, then Mr. Woolman could prevail on his affirmative defenses or counterclaim.

Most of the events relevant to this case happened twenty years ago. Unfortunately, it appears that the involved parties do not remember much of the information that would be helpful in deciding the outcome of this case. Nevertheless, a trier of fact must decide whether Liberty Mutual should pay for Mr. Spencer's claim. The lack of clear recollection does not entitle Liberty Mutual to summary judgment.

**IT IS THEREFORE ORDERED** that Liberty Mutual's motion for summary judgment (Doc. 55) is denied.

Dated this 1st day of February, 2016, at Kansas City, Kansas.

>                            **s/ Carlos Murguia**
>                            **CARLOS MURGUIA**
>                            **United States District Judge**