UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LIBERTY MUTUAL FIRE<br>INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>THE CLEMENS COAL COMPANY,<br>DENNIS WOOLMAN,<br>and CLAYTON SPENCER<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 2:14-cv-02332-CM-JPO<br>)<br>)<br>)<br>)<br>)<br>) |

Prepared by R. Bryan Tilden, CPCU, CLU, ARM, ALCM, ChFC, CIC, SCLA
TILDEN AND ASSOCIATES
Pittsboro, North Carolina
June 29, 2015

1


EXHIBIT A

# PREFACE

I, R. Bryan Tilden, have been engaged by counsel for Liberty Mutual Fire Insurance Company ("Liberty") to review certain materials relating to a claim presented under Workers Compensation Policy Number WC2-141-431924-016 ("Policy") issued to Clemens Coal Company ("Clemens") and to, in summary, provide an opinion relating to the procurement and underwriting of the Policy, all as described in detail in this report.

I have over 41 years' experience in the insurance and risk management industry as an author, broker, consultant, underwriter, drafter of policy forms and endorsements, teacher, historian, claim examiner and consultant for both insureds and insurers. I have placed business, as a retail and surplus lines broker representing the insured, in the international insurance market, including coordinated placements with Lloyd's brokers, Lloyd's syndicates, United States, Canadian, British and European insurance companies. I have handled claims, progressing from small claims to claims over $1,000,000. I have worked with Lloyd's brokers, Lloyd's syndicates, United States, Canadian, British, Bermudian and European companies in the drafting, underwriting and placement of insurance policies, both marine and non-marine, and in the adjustment of property and liability losses, including builders risk policies. I teach the construction, drafting, underwriting, adjusting and analysis of builders risk policies throughout the United States, Canada, the Caribbean, Bermuda and the European Union. I have testified in the United States and London regarding the above subject matter. I am familiar with the custom and practices of the international insurance marketplace, including the London, European, Caribbean, Canadian, Bermudian and United States markets.

My curriculum vitae is attached hereto as Exhibit A. The facts and data I considered in forming my opinions expressed in this report are listed in the documents provided section of this report. My

billing rate to Liberty for study and testimony in this matter is $250 an hour.[1]  These are my opinions to a reasonable degree of professional certainty.  *Because discovery is ongoing, I reserve the right to amend or supplement this report*.

# DOCUMENTS PROVIDED

1. Complaint for Declaratory Judgment;

2. Answer and Counterclaim of Defendant Dennis Woolman;

3. Liberty Mutual Fire Insurance Company's Answer to Counterclaim of Defendant Dennis Woolman;

4. Plaintiff Liberty Mutual Fire Insurance Company's Responses and Objections to Defendant Dennis Woolman's First Request to Production of Documents to Plaintiff Liberty Mutual Fire Insurance Company;

5. Plaintiff Liberty Mutual Fire Insurance Company's Responses and Objections to Defendant Dennis Woolman's Opening Interrogatories to Plaintiff Liberty Mutual Fire Insurance Company;

6. Answers and Objections to Plaintiff's First Interrogatories to Defendant Dennis Woolman;

7. Responses and Objections to Plaintiff's First Request for Production of Documents to Defendant Dennis Woolman;

8. Deposition of Diana Trent and Exhibits;

9. Deposition of Debbie Smith and Exhibits;

---

[1] No portion of my compensation is dependent upon the result of this litigation.

10. Deposition of Dennis Woolman and Exhibits;

11. Documents Provided by Defendant – Hartford Change in Information Page (No Bates Stamp, 2 pages); and

12. Documents Provided by Defendant Bates LMFIC000001 – LMFIC000574.

## **OPINIONS**

I. Liberty had no responsibility to recognize or advise the absence of Black Lung Disease Coverage to Clemens.

1. In custom and practice, Liberty had a responsibility to use the skill and care which a reasonable and prudent person engaged in the insurance business would use under similar circumstances.

2. In custom and practice, a reasonable and prudent insurance agent and underwriter has a responsibility to act in good faith and follow the instructions of its customers.

3. Liberty followed the custom and practice of the insurance industry by presenting a quotation for the Policy.

    a. The record does not indicate that Black Lung Disease Coverage was ever requested by Clemens.

    b. The record indicates that Liberty would not have provided Black Lung Disease Coverage to Clemens.

4. In custom and practice, an insurance agent and underwriter relies on the insured to:

    a. Request the specific coverage desired, including, whether to insure a particular risk and the extent of coverage for that risk;

b.  Determine which insurer(s) to use;

c.  Determine which insurance agent(s) to use;

d.  Complete applications or otherwise cooperate in the application process;

e.  Review the application;

f.  After receiving the policy, must ensure the particular provisions are acceptable;

g.  Read the policy, and in doing so, ask for an explanation of any confusing provisions, and ask the insurance agent to change any unacceptable provisions;

h.  If coverage needs to be changes, must inform the producer and ask for changes;

i.  Must ask the producer to renew the policy.

5. Clemens failed to perform these responsibilities when it purchased Workers Compensation and Employers Liability Coverage.

6. A special relationship never existed between Liberty and Clemens because Liberty never offered, nor did it ever to agree, to perform any of these responsibilities; nor did Liberty offer risk management services. In addition, Liberty never received additional compensation for consulting and advice. Based on these objective criteria, it appears that an ordinary insurance agent/insurance company-customer relationship existed between Liberty and Clemens.

7. Based on the responsibilities and actions of both Liberty as the insurance company and insurance agent, and Clemens as the insured, Clemens could not justifiably expected or relied on Liberty to take affirmative action to procure Black Lung Disease Coverage.

_____
R. Bryan Tilden
CPCU, CLU, ARM, ALCM, ChFC, CIC