**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **LIBERTY MUTUAL FIRE** | ) | |
| **INSURANCE COMPANY** | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 2:14-cv-2332-CM |
| v. | ) | |
| | ) | |
| **THE CLEMENS COAL COMPANY**, et al. | ) | |
| | ) | |
| *Defendants*. | ) | |

### PLAINTIFF LIBERTY MUTUAL FIRE INSURANCE COMPANY'S OPPOSITION TO DEFENDANT WOOLMAN'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF MR. R. BRYAN TILDEN

Remarkably, Defendant Dennis Woolman ("Woolman") seeks to exclude the testimony of Liberty Mutual's expert witness, R. Bryan Tilden, despite the fact that he is in the same position, if not a better position, than Woolman's expert witness, Gerald Haake, to provide testimony in this case. If Tilden cannot testify in this case, then Haake cannot testify either. There is no direct evidence of what was discussed between Liberty Mutual and Clemens Coal because the people involved in that transaction do not recall. The essential difference between the two experts' testimony is that Tilden's testimony is supported by reliable evidence based on the regular habit and practice of Liberty Mutual in issuing insurance policies while Haake is left with unsupported speculation about what Clemens Coal might have done on this one occasion and that Liberty Mutual may have deviated from their habit and practice on this occasion.

Unlike Haake's testimony about Clemens Coal's conduct on this one occasion which does not constitute a habit or routine practice (*see* Plaintiff's Motion in Limine #4), Tilden should be permitted to testify and rely upon the habit and routine practice of Liberty Mutual as support for his opinions. Under Fed. R. Evid. 406, evidence of a person's habit or routine practice is admissible to prove that on a particular occasion the person acted in accordance with

1

the habit or routine.  Under Rule 406, habit evidence is highly probative and can be used "to prove what someone *actually did*." *Williams v. Security Nat. Bank of Sioux City, Iowa*, 358 F. Supp. 2d 782, 812 (N.D. Iowa 2005).  Such habit, however, must be "a *regular practice* of meeting a particular kind of situation with a certain type of conduct…." *Perrin v. Anderson*, 784 F.2d 1040, 1046 (10th Cir. 1986) (emphasis added).  As an insurance company, Liberty Mutual is in the business of issuing insurance policies and does so on a regular basis.  Testimony about Liberty Mutual's habit or routine practice is far more reliable than speculation about what Clemens Coal employees may have done on this one occasion that they procured insurance coverage without the use of a broker.

Woolman's criticisms of Tilden's report are undermined by its similarities to Haake's own report.  While Woolman criticizes the disclosure of the facts and data considered by Tilden in his report, Tilden relied upon essentially the same materials that Haake relied upon to provide his testimony, namely the written discovery responses, deposition transcripts and documents produced in this case.  Contrary to Woolman's assertion, Tilden clearly identified what he considered in forming his opinions in this case, stating "[t]he facts and data I considered in forming my opinions expressed in this report are listed in the documents provided section of this report." *See* Expert Report of R. Bryan Tilden, attached as Exhibit 1.

There is no need for Tilden to have supplemented his expert report in this case as his report was adequate under Rule 26(a)(2).  Tilden's report identified the opinions that he will offer in this case and Woolman's counsel had the opportunity to fully explore those opinions during his deposition.  This is not a situation where an expert comes to his deposition and discloses for the first time that he is relying upon some previously undisclosed scientific study or test about which opposing counsel is not familiar or prepared to question the expert.  The so-

2

called "blatant deficiency" alleged by Woolman is that Tilden's report did not mention that he had reviewed the reports of Woolman's *own expert* before his deposition and that he agreed with two cases cited by Haake regarding the standard of care in the insurance business that was stated in his report. There is simply no prejudice resulting from any of Woolman's complaints regarding Tilden's report and testimony.

Woolman mischaracterizes Tilden's opinions and the support for those opinions in a misleading manner alleging that these opinions are baseless. In fact, this is a case where there is a lack of evidence about what occurred and Tilden's testimony is relevant to the standard of care and duties of an insurer and an insured related to obtaining a policy. For example, Tilden's testimony that an insured is expected to participate in the insurance application and policy review (Deposition of R. Bryan Tilden at 75:16-24, attached as Exhibit 2) is relevant where there are no facts showing that Clemens Coal participated or did not participate in this process. Tilden is not making credibility determinations but rather testifies about Liberty Mutual's custom and practice, the standard of care for insurers, and expectations of insureds. Unlike Haake who purports to interpret case law and instruct the jury on Kansas law, Tilden's opinion does not "stat[e] legal conclusions, usurp[ ] the function of the jury in deciding facts, or interfer[e] with the judge in instructing on the law." *McHenry ex rel McHenry v. ICON Health & Fitness, Inc.*, 2001 WL 487949 at *4 (D. Kan. 2001).

## CONCLUSION

For the foregoing reasons, Tilden's expert testimony and expert report are relevant to the lawsuit, are reliable and should not be excluded. As such, Plaintiff Liberty Mutual Fire Insurance Company respectfully requests that this Court deny Dennis Woolman's motion to exclude the testimony of R. Bryan Tilden.

Respectfully submitted,

**SEYFERTH BLUMENTHAL & HARRIS LLC**

/s/ Bruce A. Moothart
Bruce A. Moothart, KS Bar #17263
Charlie J. Harris, Jr., KS Bar #17472
4801 Main Street, Suite 310
Kansas City, MO  64112
T: (816) 756-0700
F: (816) 756-3700
bruce@sbhlaw.com
charlie@sbhlaw.com
***Attorneys for Plaintiff Liberty Mutual Fire
Insurance Company***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on or before this 25th day of April, 2016, a true and accurate copy of the foregoing was filed electronically with the Court, with notice of the filing generated and sent electronically by the Court's electronic filing system to all counsel of record. Further, a true and accurate copy of the foregoing was sent to Defendant Clayton Spencer, who remains in this case unrepresented, along with the full text of D. Kan. Rule 56.1 and Fed. R. Civ. P. 56, as required by D. Kan. Rule 56.1(f), all by U.S. Mail, postage prepaid, to the address given by Clayton Spencer in ECF No. 22:

Clayton Spencer
406 S. Mulberry St.
Mulberry, KS  66756

/s/ Bruce A. Moothart
***Attorney for Plaintiff Liberty Mutual***

4