**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LIBERTY MUTUAL FIRE** )<br>**INSURANCE COMPANY,** )<br>                                                    )<br>           **Plaintiff,**               )<br>                                                    )<br>**v.**                                           )<br>                                                    )     Case No. 14-2332-CM<br>**THE CLEMENS COAL COMPANY, et al.,** )<br>                                                    )<br>           **Defendants.**           )<br>_____)   | |

## MEMORANDUM AND ORDER

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") filed this case seeking a judicial declaration that a 1996–1997 Liberty Mutual worker's compensation and employee liability insurance policy does not cover a black lung disease claim filed by defendant Clayton Spencer, a former employee of defendant The Clemens Coal Company ("Clemens Coal"). The former president of Clemens Coal, Dennis Woolman, is the only remaining, participating defendant in the case. Mr. Woolman filed a counterclaim, alleging that Liberty Mutual breached the "exercise of care duty." He also raised an affirmative defense of estoppel. The parties stipulate that "[t]he Liberty Mutual Policy, as issued, does not contain the Black Lung Endorsement that would provide coverage for Spencer's Black Lung Claim." (Doc. 50 at 2.)

The case is now before the court on Defendant Dennis Woolman's Motion for Leave to Proceed First and Last (Doc. 63) and Defendant Dennis Woolman's Motion for Leave to Take and to [Use] Depositions Taken by Videography for Trial (Doc. 80). For the following reasons, the court grants both motions.

Motion to Proceed First and Last

This case is not a typical plaintiff-versus-defendant case. Liberty Mutual filed the case seeking declaratory judgment. But in the pretrial order, the parties stipulated that the actual policy language does not provide coverage. Liberty Mutual, therefore, does not have to pay on the policy unless Mr. Woolman can prove his counterclaim (breach of the exercise of care duty) or his affirmative defense (estoppel). In reality, then, the burden of proof on the remaining issues is on Mr. Woolman.

The party bearing the burden of proof ordinarily presents its evidence first and last. *United States v. Glover*, 43 F. Supp. 2d 1217, 1234 (D. Kan. 1999); *see also Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996). But "[t]he determination of the right to open and close a case rests largely in the sound discretion of the trial court, and the trial court's ruling thereon may not be the basis of an assignment of error." *Commercial Iron & Metal Co. v. Bache Halsey Stuart, Inc.*, 581 F.2d 246, 251 (10th Cir. 1978).

The court determines that the jury will best understand the issues in the case if Mr. Woolman proceeds first and last. He is presenting the issues to be determined and bears the burden of proof on his counterclaim and affirmative defense. The parties have stipulated to the only fact about which Liberty Mutual bears the burden. The court believes that alteration of the order at trial makes good sense under these circumstances. *See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, No. 91C6103, 1995 WL 5895, at *3 (N.D. Ill. Jan. 4, 1995) (concluding that allowing the counterclaimants to proceed first at trial promoted "the Court's goal of ensuring the presentation of evidence to the fact-finder in an orderly and sensible manner"); *Sweet Jan Joint Venture v. FDIC*, 809 F. Supp. 1253, 1258 (N.D. Tex. 1992) (allowing the defendants to proceed first because such an order of proof would be the "clearest manner in which to present this case to the jury").

Motion to Take Video Deposition

Originally, Mr. Woolman asked for leave to preserve three depositions by video. Only one request remains pending: Mr. Woolman's request to video the testimony of James D. ("Jim") Worley for trial. Mr. Worley is the former corporate secretary of The Clemens Coal Company. He suffers from an advancing state of pulmonary fibrosis and requires constant oxygen therapy. Liberty Mutual objects to the deposition because (1) Liberty Mutual already took Mr. Worley's deposition, and Mr. Woolman's attorney elected not to ask any questions then; and (2) discovery is closed.

Fed. R. Civ. P. 32(a)(4)(C) provides that a party may use the deposition of a witness if "the witness cannot attend or testify because of age, illness, infirmity, or imprisonment." The court concludes that Mr. Worley's circumstances justify allowing his video deposition to be taken and presented at trial. There is no indication that Mr. Woolman seeks the trial deposition for improper purposes. Rather, Mr. Worley has a serious health condition that prevents him from traveling for trial. He needs a large, non-portable unit for oxygen and is unable to leave his Ottawa, Kansas home long enough to participate in trial. The court grants Mr. Woolman's request.

**IT IS THEREFORE ORDERED** that Defendant Dennis Woolman's Motion for Leave to Proceed First and Last (Doc. 63) is granted.

**IT IS FURTHER ORDERED** that Defendant Dennis Woolman's Motion for Leave to Take and to [Use] Depositions Taken by Videography for Trial (Doc. 80) is granted.

Dated this 29th day of April, 2016, at Kansas City, Kansas.

_s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**