**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LIBERTY MUTUAL FIRE** )<br>**INSURANCE COMPANY,** )<br>)<br>    **Plaintiff,** )<br>)<br>v.   )<br>)    **Case No. 14-2332-CM**<br>**THE CLEMENS COAL COMPANY, et al.,** )<br>)<br>    **Defendants.** )<br>_____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") filed this case seeking a judicial declaration that a 1996–1997 Liberty Mutual worker's compensation and employee liability insurance policy does not cover a black lung disease claim filed by defendant Clayton Spencer, a former employee of defendant The Clemens Coal Company ("Clemens Coal"). The former president of Clemens Coal, Dennis Woolman, is also a defendant in the case. Clemens Coal filed for Chapter 7 bankruptcy in 1997, and has been dismissed from this case. Mr. Woolman filed a counterclaim for negligence against Liberty Mutual and raised a defense of equitable estoppel.

The court conducted a jury trial on Mr. Woolman's counterclaim for negligence. At the same time, the court heard evidence relevant to a bench trial on Mr. Woolman's equitable estoppel affirmative defense. At the close of trial, Liberty Mutual moved for judgment as a matter of law on Mr. Woolman's negligence claim. (Doc. 131.) The court took the motion under advisement and allowed the parties to fully brief the motion after trial. The jury returned a verdict in favor of Mr. Woolman, awarding $18,000. The court is now prepared to rule on Liberty Mutual's motion for judgment as a matter of law.

In reviewing a motion for judgment as a matter of law, this court determines whether the evidence, viewed in the light most favorable to the nonmoving party, presents a disagreement sufficient to mandate submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1045 (10th Cir. 1993). The court is mindful that judgment as a matter of law should be "cautiously and sparingly granted." *Black v. M & W Gear Co.*, 269 F.3d 1220, 1238 (10th Cir. 2001) (quoting *Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir. 1996)). Granting such a motion is appropriate only if the evidence "points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Sanjuan v. IBP, Inc.*, 275 F.3d 1290, 1293 (10th Cir. 2002) (quotation omitted); *see also Freeman v. Gerber Prods. Co.*, 506 F. Supp. 2d 529, 534–35 (D. Kan. 2007). The court does not weigh the evidence, pass on the credibility of the witnesses, or substitute its conclusions for those of the jury. *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1241 (10th Cir. 2001) (quotation omitted). But judgment as a matter of law must be entered if there is no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law. *Roberts v. Progressive Indep., Inc.*, 183 F.3d 1215, 1219–20 (10th Cir. 1999) (citing *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1546 (10th Cir. 1996)).

Liberty Mutual makes a number of arguments in support of its motion, but the court need only address the first: Liberty Mutual's argument that it did not owe a duty to Mr. Woolman. The critical question here is whether a duty owed to Clemens Coal equates to a duty owed to Mr. Woolman. For the following reasons, the court concludes that it does not.

Whether a duty exists is a matter of law. *Deal v. Bowman*, 188 P.3d 941, 946 (Kan. 2008); *Carl v. City of Overland Park, Kan.*, No. 93-2202-JWL, 1994 WL 171736, at *3 (D. Kan. Apr. 19, 1994) ("Whether or not there is a duty owed is a question of law for the court to determine."). An insurance agent does have a duty to the client "to exercise the skill, care and diligence that would be

exercised by a reasonably prudent and competent insurance agent or broker acting under the same circumstances." *Hartman v. Great Cent. Ins. Co.*, 915 F. Supp. 250, 256 (D. Kan. 1996) (citation omitted). If Mr. Woolman had been Liberty Mutual's client, the existence of a duty would not be at issue. But Liberty Mutual's client was Clemens Coal. Mr. Woolman's involvement in 1996–97 was as the president of Clemens Coal. Now, Mr. Woolman is an interested party solely because he may be responsible for the actions of Clemens Coal based on his title as its former president.

The insurance contract at issue was between Liberty Mutual and Clemens Coal. Mr. Woolman was not a party to the contract. Indeed, he did not negotiate the contract. Liberty Mutual only owes a duty to the other party to the contract. *See Bodine v. Osage Cty. Rural Water Dist. No. 7*, 949 P.2d 1104, 1112 (Kan. 1997). Under certain circumstances, a plaintiff might owe a duty to a third-party beneficiary of the contract. Mr. Woolman, however, does not qualify as a third-party beneficiary. Any intent to benefit a third party must be "clearly expressed in the contract." *In re Shelving*, 97 P.3d 1036, 1040 (Kan. 2004) (citation omitted). And any third party must be an intended beneficiary in order to benefit. *Martin v. Edwards*, 548 P.2d 779, 785 (Kan. 1976); *see also Wolfgang v. Mid-Am. Motorsports, Inc.*, 111 F.3d 1515, 1524 (10th Cir. 1997) (citing *Keith v. Schiefen-Stockham Ins. Agency, Inc.*, 498 P.2d 265 (Kan. 1972)). No evidence was presented at trial that the parties to the contract intended to make the contract for Mr. Woolman's benefit. And Mr. Woolman's potential or actual injury does not create a third-party beneficiary status. *See In re Shelving*, 97 P.3d at 1040 ("A mere incidental, collateral, or consequential benefit which may accrue to a third person by reason of the performance of contract, or the mere fact that he has been injured by the breach thereof, is not sufficient to enable him to maintain an action on the contract.").

Without citation to legal authority, Mr. Woolman claims that he was a party to the insurance contract simply because he was president of Clemens Coal. Mr. Woolman claims that any duty owed

to Clemens Coal was also a duty owed to its officers.  This logic is unpersuasive.  Clemens Coal was the only insured under the policy.  Clemens Coal was the only client of Liberty Mutual.  The court finds no principles—agency or otherwise—that would support creating a duty where no client relationship exists.

Finally, Liberty Mutual's motion initially addressed Mr. Woolman's estoppel defense, as well.  In its reply, however, Liberty Mutual indicated that it would fully address the estoppel defense in its proposed findings of fact and conclusions of law.  The court therefore does not address the estoppel defense here.  That decision will be issued in a forthcoming opinion.

**IT IS THEREFORE ORDERED** that Liberty Mutual's motion for judgment as a matter of law (Doc. 131) is granted.  The court sets aside the jury's verdict and award, and will enter judgment for Liberty Mutual on Mr. Woolman's negligence counterclaim after issuing its findings of fact and conclusions of law regarding Mr. Woolman's estoppel defense.

Dated this 4th day of October, 2016, at Kansas City, Kansas.

>                          **s/ Carlos Murguia**
>                          **CARLOS MURGUIA**
>                          **United States District Judge**