# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LIBERTY MUTUAL FIRE )
INSURANCE COMPANY, )
          )
   **Plaintiff,**   )
          )
v.          )
          )  Case No. 14-2332-CM
THE CLEMENS COAL COMPANY, et al., )
          )
   **Defendants.** )
          )

## MEMORANDUM AND ORDER

This case involves a dispute over whether a worker's compensation insurance policy ("the Policy") provided by plaintiff Liberty Mutual ("plaintiff") to former defendant Clemens Coal Company included coverage of a black lung disease claim ("the Spencer Black Lung Claim") filed by former defendant Clayton Spencer. Dennis Woolman ("defendant"), former president of Clemens Coal, eventually became the sole remaining defendant in this case.

After a bench trial, this court granted declaratory judgment in favor of plaintiff. The judgment declared that "the plain language of the Policy, as written, unambiguously does not provide coverage for the Spencer Black Lung Claim." (Doc. 154, at 22.) The court also rejected defendant's estoppel defense, (*id.*), and granted judgment as a matter of law to plaintiff on defendant's negligence counterclaim after a jury had found for defendant on that counterclaim, (doc. 153, at 4).

Defendant filed a motion "for stay of judgment pending post-trial motions and, if necessary, an appeal." (Doc. 159.) Defendant has not filed a notice of appeal from any of this court's judgments. For reasons discussed below, the court denies defendant's motion.

Defendant seeks a stay of execution pursuant to Fed. R. Civ. P. 62. "Rule 62, read in its entirety, reflects the federal policy of providing a judgment creditor with security during the pendency of an appeal." *Afrika v. New York*, No. 12-CV-0537MAT, 2014 WL 1347762, at *2 (W.D.N.Y. Apr. 4, 2014) (citing *Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1993); *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)). "Courts have traditionally restricted application of Rule 62" to stays from money judgments. *Afrika*, 2014 WL 1347762, at *2 (citing *Herbert*, 953 F.2d at 938).

It is not clear which subsection of Rule 62 defendant seeks to invoke, but he refers to Rule 62(b) throughout his motion. Despite referring to subsection (b), defendant also uses language reflective of the standards for subsections (c) and (d). The court therefore looks at each subsection to determine whether it entitles defendant to relief.

## Applicability of Rule 62(b)

Fed. R. Civ. P. 62(b) reads, "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of" motions under Rules 50, 52(b), 59, or 60. "The conditional 'may'" in this rule refers to the court's discretion in granting a stay, "not to the requirement of security." *Boardwalk Apartments, L.C. v. State Auto Prop. & Cas. Ins. Co.*, No. 11-2714-JAR, 2015 WL 265040, at *1 (D. Kan. Jan. 21, 2015). The purpose of Rule 62(b) is "to preserve the status quo while protecting the prevailing party's interest in the judgment," and thus "courts typically require security in the full amount of the judgment." *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 10-CV-01398-PAB-KLM, 2013 WL 2634640, at *1 (D. Colo. June 12, 2013). Rule 62(b) applies only to enforcement of a judgment. *Underwood v. B-E Holdings, Inc.*, 269 F. Supp. 2d 125, 143 n.3 (W.D.N.Y. 2003) (holding that movants could not invoke

Rule 62(b) where judgment had been stricken so that jury verdict could be readjusted according to New York's structured judgment statute).

Although case law is sparse addressing Rule 62(b) outside of the damages award context, other courts have held that Rule 62(b) is inapplicable where the judgment at issue is neither monetary nor injunctive. *Smith v. Dell, Inc.*, No. 06-2496-B/V, 2007 WL 3232037, at *1 (W.D. Tenn. Oct. 31, 2007) (finding Rule 62(b) not applicable to a judgment of dismissal because "no monetary or injunctive relief has issued"); *see also Afrika*, 2014 WL 1347762, at *2 (holding Rule 62(b) inapplicable in the context of a judgment rendered in a federal habeas corpus proceeding).

Rule 62(b) does not apply in this case. The plain language of Rule 62(b) shows that the rule governs stays of "execution of a judgment—or any proceedings to enforce it," as opposed to the effectiveness of judgments themselves. Here, the court's judgments require no execution or enforcement proceedings to become fully effective. The parties' rights and obligations under the Policy are what the declaratory judgment states. The judgment as a matter of law this court granted on defendant's negligence counterclaim is effective without the need for execution or enforcement proceedings. Defendant's estoppel defense is rejected; plaintiff need not go through additional proceedings to execute or enforce this denial. In short, these judgments became effective at the moment this court issued them, and thus they are beyond the scope of Rule 62(b).

## Applicability of Rule 62(c)

Fed. R. Civ. P. 62(c) states, "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Defendant has not explicitly invoked Rule 62(c), but both sides addressed the four-factor test

-3-

(discussed in more detail below) typically applied under the rule. The court therefore addresses Rule 62(c)'s applicability to this case.

The plain language of Rule 62(c) indicates that a court may issue a stay under this rule only while an appeal is pending and only if the order or judgment appealed from is an injunction. Here, defendant has not filed a notice of appeal. Moreover, the court's judgments were not injunctions. Instead, this court declared the rights of parties to a contract, granted judgment as a matter of law on a negligence counterclaim, and rejected an estoppel defense. The plain meaning of Rule 62(c) indicates that it does not apply in this case.

## Applicability of Rule 62(d)

### *The requirement of an appeal*

Fed. R. Civ. P. 62(d) states "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal." The language of Rule 62(d) does not contain any provisions for issuing a stay based on the "'inevitability' of an appeal." *See Supinski v. United Parcel Serv., Inc.*, No. 3:06-CV-00793, 2012 WL 2017936, at *1 (M.D. Pa. June 5, 2012) (holding that the defendant was not entitled to stay under Rule 62(d) because it had not yet filed an appeal).

Rule 62(d) does not apply here. Defendant has not filed a notice of appeal or obtained an order allowing an appeal. Defendant has only suggested that an appeal may be necessary in the future. But the plain language of Rule 62(d) requires at least the filing of a notice of appeal, which defendant has not done. Rule 62(d) does not apply.

### *The requirement of monetary judgment*

If an appeal is taken, the decision whether to grant automatic stay pending appeal under Rule 62(d) "turns on whether the judgment is monetary or non-monetary" because "a bond may not

adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment." *Titan Tire Corp. of Bryan v. United Steel Workers of Am., Local 890L*, No. 09-4460, 2010 WL 815557, at *1 (6th Cir. March 10, 2010) (citing *Hebert*, 953 F.2d at 938) ("[T]he applicability of Rule 62(d) turns on whether the judgment involved is monetary or non-monetary."). A declaratory judgment can be considered monetary in certain circumstances. *Hebert*, 953 F.2d at 938 (determining that a declaratory judgment that bound a party to pay a specific sum of money fell within the scope of 62(d)). *But see Yankton Sioux Tribe v. S. Mo. Waste Mgmt. Dist.*, 926 F. Supp. 888, 889–91 (D.S.D. 1996) (holding that a declaratory judgment determining a jurisdictional boundary was not monetary for purposes of Rule 62(d)).

Notwithstanding the fact that defendant has not filed an appeal, the judgment in this case is nonmonetary, and therefore defendant would not be entitled to a stay under Rule 62(d) even if he had filed a notice of appeal. The court's judgment only declares that the Policy does not cover the Spencer Black Lung Claim. The judgment does not require defendant to pay a specific sum of money. The judgment does not direct defendant to do anything at all.

### Applicability of *Hilton* four-factor test

Federal courts apply four so-called *Hilton* factors when determining whether to grant a stay under Rule 62(c): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *N. Nat. Gas Co. v. L.D. Drilling, Inc.*, No. 08-1400, 2011 WL 691621, at *1 (D. Kan. Feb. 15, 2011) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Sec. Inv'r Prot. Corp. v. Blinder, Robinson & Co.*, 962 F.2d 960, 968 (10th Cir. 1992)). Defendant asks the court to apply the test to find that a stay is warranted.

This court has declined to apply the *Hilton* four-factor test when a party has moved for a stay under Rule 62(b) in reliance on Rule 62(c) grounds. *Rajala v. Gardner*, No. 09-2482, 2014 WL 4455038, at *2 n.4 (D. Kan. Sept. 10, 2014) (citing *N. Nat'l Gas Co.*, 2011 WL 691621, at *1) (finding the *Hilton* test inapplicable where "the case Defendants rely upon does not address stays under Fed. R. Civ. P. 62(b) but instead addresses Fed. R. Civ. P. 62(c), which deals with an injunction pending an appeal"). *But see United States v. Melot*, No. CV 09-0752 JH/WPL, 2012 WL 2914224, at *2 (D.N.M. May 23, 2012) (raising the question whether equitable factors "should guide" the court's discretion under 62(b) but concluding that the court need not answer that question because the substantial money judgement warranted a stay pending post-trial motion and appeal); *United States v. Moyer*, No. C 07-00510 SBA, 2008 WL 3478063, at *6 (N.D. Cal. Aug. 12, 2008) ("Although it appears no court in the Ninth Circuit has ever expressly considered what factors should be used to determine whether or not a stay would be appropriate under Rule 62(b), this Court finds it proper to consider the same factors used to determine whether or not to stay an action under Rule 62(c)."); *Associated Elec. & Gas Ins. Servs., Ltd. v. Rigas*, No. CIV.A.02-7444, 2004 WL 838140, at *2 n.1 (E.D. Pa. Apr. 7, 2004) ("Regardless of which subsection Plaintiffs are invoking [either 62(b) or (c)], to obtain a stay they must" satisfy the factors test.).

Regardless of whether the *Hilton* factors apply under Rule 62(b), Rule 62(c), or both, this court need not consider the factors in this case. A prerequisite to invoking a court's discretion to grant a stay under Rule 62 is that the judgments be monetary or injunctive. If injunctive, then the party seeking the stay must have filed an appeal. As discussed above, the judgments in this case were not monetary or injunctive, and defendant has not filed an appeal from any of them. The court need not analyze the four-factor test in this instance.

**IT IS THEREFORE ORDERED** that Defendant Dennis Woolman's Motion for Stay of Judgment Pending Post-Trial Motions and, if Necessary, an Appeal (Doc. 159) is denied.

Dated this 19th day of October, 2017, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
