**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LIBERTY MUTUAL FIRE** ) <br> **INSURANCE COMPANY,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **THE CLEMENS COAL COMPANY, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | Case No. 14-2332-CM |

## MEMORANDUM AND ORDER

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") filed this case seeking a judicial declaration that a 1996–1997 Liberty Mutual worker's compensation and employee liability insurance policy does not cover a black lung disease claim filed by defendant Clayton Spencer, a former employee of defendant The Clemens Coal Company ("Clemens Coal"). The former president of Clemens Coal, Dennis Woolman, is the only remaining defendant in the case. Clemens Coal filed for Chapter 7 bankruptcy in 1997, and has been dismissed from this case. Mr. Woolman filed a counterclaim for breach of the "exercise care duty" against Liberty Mutual and raised a defense of equitable estoppel.

The court conducted a jury trial on Mr. Woolman's counterclaim for breach of the exercise care duty. At the same time, the court heard evidence relevant to a bench trial on Mr. Woolman's equitable estoppel affirmative defense. At the close of trial, Liberty Mutual moved for judgment as a matter of law on Mr. Woolman's counterclaim. (Doc. 131.) The court took the motion under advisement and allowed the parties to fully brief the motion after trial. The jury returned a verdict in favor of Mr. Woolman, awarding $18,000. After briefing was completed, the court granted Liberty Mutual's

motion for judgment as a matter of law. (Doc. 153.) The court later issued its findings of fact and conclusions of law on Mr. Woolman's defense of equitable estoppel, finding in favor of Liberty Mutual. (Doc. 154.) The case is now before the court on Defendant Dennis Woolman's Motion to Alter or Amend Findings and Judgment, for Relief from Judgment, or in the Alternative, Motion for New Trial on Mr. Woolman's Estoppel Claims. (Doc. 157.)

Mr. Woolman asks the court to alter or amend its judgment under Fed. R. Civ. P. 59(e), to "correct manifest errors of law or to prevent manifest injustice." The grounds justifying an alteration or amendment are: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). But the court will not grant a motion if a party merely rehashes arguments previously addressed or presents new legal theories or facts that could have been raised earlier. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

Alternatively, Mr. Woolman seeks relief from judgment under Rule 60(b), based on mistake, surprise, or excusable neglect. Relief under Rule 60(b) carries a higher burden than Rule 59(e). Relief is only proper under Rule 60(b) in "exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). Like Rule 59(e), Rule 60(b) does not provide "a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Scherer v. Hill*, 213 F.R.D. 431, 432 (D. Kan. 2003).

Finally, as one last alternative, Mr. Woolman asks the court to grant him a new trial on his estoppel claims. A motion for a new trial pursuant to Rule 59(a) is committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir. 1993). In reviewing a motion for new trial, the

court views the evidence in the light most favorable to the prevailing party. *Griffin v. Strong*, 983 F.2d 1544, 1546 (10th Cir. 1993).

Mr. Woolman is not entitled to relief on any of the three bases offered. His briefs contain arguments that are more fully-developed than his previously-made arguments. Indeed, Mr. Woolman's original response to Liberty Mutual's motion for judgment as a matter of law contained only three paragraphs addressing Liberty Mutual's argument that it did not owe a duty to Mr. Woolman. (Doc. 134, at 2.) In contrast, Mr. Woolman's brief in support of his motion to alter or amend dedicates seven pages to the issue of duty. (Doc. 158, at 11–18.) Mr. Woolman now argues that Liberty Mutual should be judicially estopped from taking the position that it did not owe a duty to Mr. Woolman. Mr. Woolman did not, however, previously make this argument. And he does not present any other arguments or new law that justify changing the court's prior rulings to correct clear error or prevent manifest injustice. He also does not present the exceptional circumstances required for relief under Rule 60(b). Finally, in requesting a new trial, Mr. Woolman presents the evidence in the light most favorable to him—not to Liberty Mutual, the prevailing party.

The court understands that Mr. Woolman disagrees with the court's rulings, findings of fact and conclusions of law. But mere disagreement does not entitle him to relief. The court fully considered Mr. Woolman's position before entering its orders on Mr. Woolman's counterclaim and affirmative defense. The court need not re-address each of Mr. Woolman's arguments here. The court denies Mr. Woolman's motion.

**IT IS THEREFORE ORDERED** that Defendant Dennis Woolman's Motion to Alter or Amend Findings and Judgment, for Relief from Judgment, or in the Alternative, Motion for New Trial on Mr. Woolman's Estoppel Claims (Doc. 157) is denied.

Dated this 2nd day of November, 2017, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**